SAMUEL T. KNAPP and EDWARD J. KNAPP, Respondents, v. ORRIN B. ANDERSON and HIRAM ANDERSON, Appellants.

*Bankruptcy —Appeal, sureties on undertaking upon — liability of after discharge of their principal.*

The sureties in an undertaking upon an appeal are not released from their liability to the respondent, by the discharge of the appellant from his debts under the United States bankruptcy act.

Appeal from an order of the Special Term sustaining the plaintiffs' demurrer to the answer, with liberty to the defendants to answer over, in an action against the sureties upon an undertaking on appeal. The action was brought upon an undertaking, signed by

the defendants as sureties, upon an appeal from a judgment in favor of the plaintiffs. Before the judgment was affirmed, the judgment debtor was discharged under the bankruptcy act, and the answer of the defendants in this action sets up such discharge. To this the plaintiffs demurred.

*Morris Goodhart,* for the appellants.

*John A. Mapes,* for the respondents.

BRADY, J.:

The defendants signed an undertaking upon an appeal from a judgment in favor of the plaintiffs against one Henry S. Leszynsky, and, before the affirmance of the judgment by the General Term, the debtor was duly discharged from all his debts under the provisions of the United States bankrupt act of 1867. His discharge included the judgment mentioned. The defendants insist that they are released from their obligations, assumed by the undertaking, by the force and effect of the debtor's discharge, the benefit of which they claimed by the answer interposed herein. Whether they are or not, depends upon the effect of the provision of section 33 of the bankrupt act, which provides as follows : " No discharge granted under this act shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, contractor, indorser, surety or otherwise." The defendants, by their counsel, contend that their liability was not ascertained until the judgment appealed from was affirmed — in other words, that they were not liable until such affirmance. This view is erroneous. To be liable is to be responsible for, answerable, bound or obliged in law or equity, exposed to, subject to ; and hence the defendants were subject to the payment of the sum named in the undertaking if the contingency on which it depended occurred. The obligation of an indorser depends upon proper steps to charge him, yet he is liable to be called upon to pay, and his indorsement is a liability which he cannot reject. It is a contract to pay a sum certain if called upon after the observance of requisite ceremonies, and the maker fails to pay. So with the surety. He agrees to pay if the event happens which matures his obligation to pay. He assumes

to pay, and incurs the obligation to do so, which may become absolute. The design of an undertaking and the effect of it are proper matters of consideration on the question. The undertaking stays all proceedings, and the effect is to prevent the creditor from enforcing his judgment by execution, and in that mode obtaining his debt out of the property of his debtor. The sureties in the undertaking prevent him from availing himself of this right and opportunity to which he is entitled by the law of the land, and by his superior diligence. This right can be destroyed in all cases if the debtor, by appeal, and by subsequent proceedings in bankruptcy before a judgment of affirmance, can release himself and his sureties as well. It was doubtless to prevent such and kindred results, that the law declared the discharge should not release or affect any person liable for the same debt for or with the bankrupt, either as partner, contractor, indorser, surety or otherwise. It was a personal relief given to the applicant, or forced upon him, and not to those equally bound with him to answer his creditor. The discharge of the debt itself, would seem to involve and include the surety for its payment as a necessary sequence, but it was not so designed by the law-makers, as we learn from the provision in section 33, *supra*, limiting its effect, and excluding therefrom persons standing in certain relations to the debtor, and liable with him. A surety is rarely primarily liable. His obligation usually depends upon a contingency, which is either an event to occur, or the failure of the principal to pay or to do the act required. The consideration, therefore, of the question presented, which is new, leads to the conclusion that the discharge of the principal does not release the surety, and that the order appealed from must be affirmed.

Ordered accordingly, with ten dollars costs and disbursements of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.